## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SARAH DERIPHONSE<br>181 Carolina Ave.<br>Irvington, NJ 07111<br><br>   Plaintiff,<br><br>v.<br><br>MAPLEWOOD DINER<br>1473 Springfield Ave.<br>Maplewood, NJ 07040<br>   and<br>GEORGE FILIPPATOS<br>c/o Maplewood Diner<br>1473 Springfield Ave.<br>Maplewood, NJ 07040<br><br>   Defendants. | CIVIL ACTION<br><br>No.:_____<br><br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff, by and through her undersigned counsel, hereby avers as follows:

### I.  INTRODUCTION

1. This action has been initiated by Sarah Deriphonse (*hereinafter* referred to as "Plaintiff") against Maplewood Diner and George Filippatos (*hereinafter* collectively referred to as "Defendants") for violations of Title VII of the Civil Rights Act of 1964 ("Title VII - 42 U.S.C. §§ 2000d *et. seq.*) and the New Jersey Law Against Discrimination ("NJ LAD"). As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

### II.  JURISDICTION AND VENUE

2. This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims because this civil action arises under laws of the United States.

3. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny. This Court has supplemental jurisdiction over Plaintiff's state-law claim(s) because such claim(s) arise out of the same common nucleus of operative facts as her federal claims asserted herein.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and in addition, Defendants are deemed to reside where they are subject to personal jurisdiction, rendering Defendants residents of the District of New Jersey.

5. Plaintiff is proceeding herein under the Title VII, and has properly exhausted her administrative remedies by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

### III. **PARTIES**

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual, with an address as set forth in the caption.

8. Defendant Maplewood Diner (*hereinafter* referred to as "Defendant Entity") is a restaurant located at the above-captioned address.

9. Defendant George Filippatos (*hereinafter* referred to as "Defendant Filippatos") is the owner of Defendant Entity and a decision maker concerning terms and conditions of

2

employment for employees (including Plaintiff) of Defendant Entity including but not limited to hiring, firing, and issuing discipline.

10. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## IV. FACTUAL BACKGROUND

11. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

12. Plaintiff is a female.

13. Plaintiff was employed by Defendants from in or about June of 2016 through in or about October of 2016 when she voluntarily separated from her employment due to the hostile nature of the environment she was working in (discussed in detail below).

14. In or about December of 2016, Plaintiff returned to work for Defendants after Defendant Filippatos apologized for his behavior (discussed *infra*) and promised her things would be better if she returned. However, things did not improve upon her return to Defendant Entity in December of 2016.

15. During the both periods of employment with Defendants, Plaintiff was subjected to severe and pervasive sexually harassing gestures, comments, and advances by Defendant Filippatos on a constant basis. For example:

   a. Defendant Filippatos would tell Plaintiff that (1) he was "going to f--k [her] one day;" (2) she had "nice titties;" (3) he would help Plaintiff pay for an apartment if she "help[ed] him" (i.e. by providing him with sexual favors); and (4) her boyfriend was not allowed to pick her up from work;

3

  b. One day when Plaintiff wanted to work past her scheduled shift to make extra income, Defendant Filippatos suggested that she give him oral sex and said that receiving a "blow job" from her was "worth at least $100.00"; and

  c. Defendant Filippatos would consistently touch/grab Plaintiff's butt and breasts.[1]

16. In addition to the sexually offensive remarks, gestures, and comments that Defendant Filippatos would make on a consistent basis to Plaintiff, he also discriminated against Plaintiff because she was a female.

17. For example, Defendant Filippatos would make derogatory comments about Plaintiff's gender, including but not limited to calling Plaintiff a "bitch" on multiple occasions and telling others not to speak to her because she was a "single mom who [was] not even in school."

18. Plaintiff complained about, objected to, and rejected Defendant Filippatos' sexual advances and comments. More specifically, Plaintiff told Defendant Filippatos on multiple times that she was never going to be interested in him in a sexual or romantic way and that she thought his sexually offensive behavior and discriminatory comments were inappropriate and that she wanted him to stop.

19. Despite Plaintiff's aforesaid objections to and complaints about sexual harassment and gender discrimination, Defendant Filippatos did not stop his behavior and Plaintiff continued to be subjected to a hostile work environment.

20. Furthermore, after Plaintiff would complain about, object to, and reject Defendant Filippatos' sexual advances and/or complain of gender discrimination, he would become

---

[1] This is not intended to be an exhaustive list of the ways George would sexually harass Plaintiff during both periods of her employment. The aforesaid sexual comments, gestures, and advances are merely examples of the inappropriate sexual conduct that Plaintiff was subjected to on a continuous basis.

4

exceedingly hostile towards Plaintiff, including but not limited to cursing at her, calling her names, and treating her in a rude and demeaning manner.

21.     Plaintiff quit her employment with Defendants in or about October of 2016 due to the hostile work environment that she was being subjected to.

22.     As stated earlier, Plaintiff only returned to Defendant Entity in December of 2016 because Defendant Filippatos apologized for his aforesaid behavior and promised Plaintiff that things would be better if she returned.

23.     In or about March of 2017, after returning to her employment with Defendants in December of 2016, Plaintiff was terminated by Defendant Filippatos.

24.     On the day of her termination in March of 2017, Defendant Entity was extremely busy and Plaintiff had come into work as a favor.

25.     During her shift (on the day of her termination), Plaintiff was yelled and screamed at by Defendant Filippatos, called a "f--king bitch," told that she thinks she runs "this f--king place" and was told to get the "f--k out" and that she was fired.

26.     Plaintiff was given no legitimate or logical explanation for her termination in March of 2017.

**Count I**
**Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")**
**([1] Sexual Harassment; [2] Gender Discrimination; [3] Retaliation)**
**- October 2016 Separation (Constructive Discharge)-**
**-Against Defendant Entity Only-**

27.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

28. Plaintiff was subjected to severe and pervasive sexual gestures, advances, and comments by Defendant Entity's owner, such that she was subjected to a hostile work environment.

29. Plaintiff was also subjected to a hostile work environment based on her gender during her first period of employment with Defendant Entity (from June of 2016 through October of 2016), which included but was not limited to being subjected to derogatory gender-related comments.

30. Plaintiff specifically opposed, rejected, and complained of Defendant Filippatos' inappropriate sexual comments/advances/gestures and his aforesaid discriminatory gender-related comments; however, his behavior did not cease and she continued to be subjected to a hostile work environment.

31. Plaintiff was further subjected to a retaliatory hostile work environment for opposing, rejecting, and complaining of Defendant Filippatos' inappropriate sexual comments, advances, and gestures and/or for complaining about his aforesaid gender-related discriminatory comments.

32. In or about October of 2016, Plaintiff was constructively discharged from Defendant Entity and forced to resign because of [1] the constant sexual harassment and discrimination she was being subjected to by Defendant Entity's owner (Defendant Filippatos); [2] the hostile treatment she received in retaliation for rejecting Defendant Filippatos' sexual advances and/or complaining about sexual harassment and gender discrimination; and [3] Defendants' failure to remedy such sexual harassment/discrimination, despite her multiple complaints and objections regarding same (as discussed *supra*).

33. Defendant Entity's actions as aforesaid constitute violations of Title VII.

## Count II
### Violations of Title VII of the New Jersey Law Against Discrimination ("NJ LAD")
([1] Sexual Harassment; [2] Gender Discrimination; [3] Retaliation)
- October 2016 Separation (Constructive Discharge)-
-Against Both Defendants-

34. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

35. Plaintiff re-asserts and re-alleges each and every allegation as set forth in Count I of this Complaint, as such actions constitute identical violations of the NJ LAD.

36. Defendant Entity's actions as aforesaid constitute violations of the NJ LAD.

37. Defendant Filippatos is individually liable for the retaliatory actions asserted herein because he personally participated and/or carried out such retaliatory acts.

## Count III
### Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")
(1] Sexual Harassment; [2] Gender Discrimination; [3] Retaliation; [4] *Quid-Pro Quo*)
-December 2016 Separation (Wrongful Termination)
-Against Defendant Entity Only-

38. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

39. While employed with Defendant Entity, Plaintiff was subjected to severe and pervasive sexual gestures, advances, and comments by Defendant Entity's owner as well as discrimination based on her gender.

40. Plaintiff specifically opposed, rejected, and complained of Defendant Filippatos' inappropriate sexual comments/advances/gestures and his aforesaid discriminatory gender-related comments; however, his behavior did not cease and she continued to be subjected to a hostile work environment.

41. Following her opposition of, rejections to, and complaints about Defendant Filippatos' inappropriate sexual comments, advances, and gestures and/or her complaints about his aforesaid gender-related discriminatory comments, Plaintiff was subjected to increased hostility and animosity (retaliatory treatment) by Defendant Filippatos.

42. In or about December of 2016, Plaintiff was terminated from her employment with Defendant Entity and provided with no logical or legitimate reason why.

43. Plaintiff believes and therefore avers that she was terminated from her employment with Defendant Entity in December of 2016 because [1] of her gender; [2] she opposed, rejected, and complained of Defendant Filippatos' inappropriate sexual comments, advances, gestures; and/or [3] she complained about the gender-related discriminatory treatment she was being subjected.

44. Defendant Entity's actions as aforesaid constitute violations of Title VII.

**Count IV**
**Violations of Title VII of the New Jersey Law Against Discrimination ("NJ LAD")**
**(1] Sexual Harassment; [2] Gender Discrimination; [3] Retaliation; [4] *Quid-Pro Quo*)**
**-December 2016 Separation (Wrongful Termination)**
**-Against Both Defendants-**

45. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

46. Plaintiff re-asserts and re-alleges each and every allegation as set forth in Count III of this Complaint, as such actions constitute identical violations of the NJ LAD.

47. Defendant Entity's actions as aforesaid constitute violations of the NJ LAD.

48. Defendant Filippatos is individually liable for the retaliatory actions asserted herein because he personally participated and/or carried out such retaliatory acts.

**Count V**
**Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")**
**([1] Sexual Harassment; [2] Gender Discrimination; [3] Retaliation)**
**-Both Periods of Employment (Hostile Work Environment)-**
**-Against Defendant Entity Only-**

49. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

50. During both periods of employment with Defendant Entity, Plaintiff was subjected to severe and pervasive sexual gestures, advances, and comments by Defendant Entity's owner (Defendant Filippatos), such that she was subjected to a hostile work environment.

51. Plaintiff was also subjected to a hostile work environment based on her gender during both periods of employment with Defendant Entity, which included but was not limited to being subjected to derogatory comments based on her gender by Defendant Filippatos.

52. Plaintiff specifically opposed, rejected, and complained of Defendant Filippatos' inappropriate sexual comments/advances/gestures and his aforesaid discriminatory gender-related comments; however, his behavior did not cease and she continued to be subjected to a hostile work environment.

53. Plaintiff was further subjected to a retaliatory hostile work environment for opposing, rejecting, and complaining of Defendant Filippatos' inappropriate sexual comments, advances, and gestures and/or for complaining about his aforesaid gender-related discriminatory comments.

54. Defendant Filippatos' conduct was both severe and pervasive, made Plaintiff extremely uncomfortable, offended Plaintiff, and interfered with her ability to perform her job duties.

55. Defendant Entity's actions as aforesaid constitute violations of Title VII.

## Count VI
### Violations of the New Jersey Law Against Discrimination ("NJ LAD")
### ([1] Sexual Harassment; [2] Gender Discrimination; [3] Retaliation)
### -Both Periods of Employment (Hostile Work Environment)-
### -Against Both Defendants-

56. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

57. Plaintiff re-asserts and re-alleges each and every allegation as set forth in Count V of this Complaint, as such actions constitute identical violations of the NJ LAD.

58. Defendant Entity's actions as aforesaid constitute violations of the NJ LAD.

59. Defendant Filippatos is individually liable for the retaliatory actions asserted herein because he personally participated and/or carried out such retaliatory acts.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to promulgate and adhere to a policy prohibiting sexual harassment, discrimination, and retaliation in the future against any employee(s);

B. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, and benefits.

C. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused by Defendants' actions;

D. Plaintiff is to be awarded punitive damages as permitted by applicable law in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their

willful, deliberate, malicious, and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

    E.     Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate;

    F.     Plaintiff is to be awarded the costs and expenses of this action and a reasonable attorney's fees as provided by applicable federal and state law; and

    G.     Plaintiff is to receive a trial by jury.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esquire
3331 Street Road
Two Greenwood Square
Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: February 27, 2018