UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
MADELINE COX ARLEO
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST. ROOM 4066
NEWARK, NJ 07101
973-297-4903

June 27, 2019

VIA ECF

## LETTER ORDER

Re:   Deriphonse v. Maplewood Diner, et al.
      Civil Action No.: 18-2752

Dear Litigants:

Before me is Plaintiff Sarah Deriphonse's ("Plaintiff") Motion for Default Judgment against Defendants Maplewood Diner and George Filippatos ("Filippatos," or, together with Maplewood Diner, "Defendants"). ECF No. 9. On February 27, 2018, Plaintiff filed a Complaint against Defendants alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII") against Maplewood Diner and violations of the New Jersey Law Against Discrimination ("NJLAD") against both Defendants. ECF No. 1. The docket indicates that both Defendants were served on April 13, 2018. See ECF No. 5. As of the date of this Order, neither defendant has filed an answer or otherwise responded to the Complaint. Plaintiff moved for entry of default judgment on November 9, 2018. ECF No. 9.

Before entering a default judgment, a court must determine whether it has jurisdiction over the parties and the action, whether the plaintiff's complaint sufficiently pleads a cause of action, and whether the plaintiff has proved damages. See Chanel v. Gordashevsky, 558 F. Supp. 2d 532, 536, 538 (D.N.J. 2008); Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Import & Export Corp., 596 F. Supp. 2d 842, 848 (D.N.J. 2008).

Plaintiff alleges claims for constructive discharge based on her October 2016 separation, wrongful termination based on her December 2016 separation, and hostile work environment against Maplewood Diner under Title VII.[1] Plaintiff also alleges the same three claims against both Defendants under the NJLAD. This Court has subject matter jurisdiction because the action presents a federal question under Title VII, which arises from the same nucleus of operative facts as the NJLAD claims. The Court also has personal jurisdiction over both defendants, as they are both domiciled in the State of New Jersey.

To establish a claim for employment discrimination in connection with a termination under Title VII, a plaintiff must establish: (1) that she belongs to a protected class; (2) that she was qualified for the position she sought to retain; (3) that she was subjected to an adverse employment action; and (4) the action occurred under circumstances that could give rise to an inference of intentional discrimination. See Titus-Morris v. Banc of Am. Card Servicing Corp., 512 F. App'x 213, 217 (3d Cir. 2013) (noting elements of discriminatory termination claim under Title VII); Arenas v. L'Oreal USA Products, Inc., 790 F. Supp. 2d 230, 237 (D.N.J. 2011) (noting elements

---

[1] Plaintiff alleges that she has properly exhausted her administrative remedies. Compl. ¶ 5.

of discriminatory termination claim under NJLAD). Plaintiff is a female, Compl. ¶ 12,[2] and during her employment with the Maplewood Diner, she was subjected to gender-based derogatory gestures, comments, and advances "on a constant basis," including but not limited to Defendant Filippatos requesting sexual favors from Plaintiff and prohibiting Plaintiff's boyfriend from picking her up from work, Compl. ¶ 15. Filippatos "would consistently touch/grab Plaintiff's butt and breasts." Id. ¶ 15. Filippatos also made "derogatory comments about Plaintiff's gender, including but not limited to calling Plaintiff a 'b**ch' on multiple occasions and telling others not to speak to her because she was a 'single mom who [was] not even in school.'" Id. ¶ 17. Plaintiff complained about and rejected Filippatos's crude behavior, but the advances and comments persisted despite her objections. See id. ¶¶ 18-20. Plaintiff left her position with the Maplewood Diner in October 2016 because of Filippatos's behavior toward her. Id. ¶ 21. In December 2016, Plaintiff returned to Maplewood Diner after Filippatos apologized for his behavior and "promised Plaintiff that things would be better if she returned." Id. ¶ 21. Plaintiff was terminated by Filippatos in March 2017. Id. ¶ 23. On the date of her termination, Filippatos "yelled and screamed" at Plaintiff: he called her a "f***ing b***h" and used a series of other expletives when he terminated her employment. Id. ¶ 25. Plaintiff was given no other reason for her termination. Id. ¶ 26. Based on these facts, Plaintiff has sufficiently established a claim for wrongful termination under Title VII and the NJLAD.

In order to establish a claim for constructive discharge, a plaintiff must plead facts to demonstrate that "the employer knowingly permitted conditions of discrimination in employment so intolerable that a reasonable person subject to them would resign." See Brown v. Kessler Inst. For Rehab., Inc., 504 F. App'x 83, 85 (3d Cir. 2012) (noting standard for Title VII constructive discharge claim); Nuness v. Simon and Schuster, Inc., 221 F. Supp. 3d 596, 604 (D.N.J. 2016) (noting standard for NJLAD constructive discharge claim). Based on the allegations discussed above, Plaintiff has sufficiently pled constructive discharge in connection with her October 2016 separation.

A Title VII claim for a hostile work environment requires a plaintiff to show: (1) that she suffered intentional discrimination because of her sex; (2) that the discrimination was pervasive and regular; (3) that the discrimination detrimentally affected her; (4) that the discrimination would detrimentally affect a reasonable person of the same sex in that position; and (5) the existence of respondeat superior liability. Hargrave v. County of Atlantic, 262 F. Supp. 2d 393, 411 (D.N.J. 2003). A hostile work environment claim under the NJLAD requires a plaintiff to establish the first four factors of the Title VII test. See id., 262 F. Supp. 2d at 410-11 n.7 ("[T]he elements of an actionable hostile work environment claim under the NJLAD closely resemble the first four elements of [a] Title VII hostile work environment claim." (internal quotation marks omitted)). Based on the allegations discussed above, Plaintiff has sufficiently pled hostile work environment claims under Title VII and the NJLAD.

A plaintiff with a successful claim for employment discrimination under Title VII or the NJLAD may be entitled to remedies including equitable relief such as back pay, compensatory and punitive damages, and reasonable attorney's fees. See 42 U.S.C. § 2000e et seq.; N.J.S.A. 10:5-1 et seq. Plaintiff's Complaint requests the following relief: (1) that Defendants "promulgate and

---

[2] In deciding a motion for default judgment, "the factual allegations in a complaint, other than those as to damages, are treated as conceded by [the] defendant." DIRECTV, Inc. v. Pepe, 431 F.3d 162, 165 (3d Cir. 2005).

adhere to a policy prohibiting sexual harassment, discrimination, and retaliation"; (2) compensation and reimbursement for "any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, and benefits"; (3) compensatory damages including a monetary award for pain and suffering; (4) punitive damages; (5) costs of suit and reasonable attorney's fees.  Compl. at pp. 10-11, ECF No. 1.

Although facts in a complaint are treated as conceded for the purpose of a default judgment motion, a plaintiff must still prove that she is entitled to the damages she seeks.  See Polidoro v. Saluti, 675 F. App'x 189, 190 (3d Cir. 2017).  Plaintiff's Motion for Default Judgment fails to quantify or support her damages demand.  Instead, Plaintiff concludes that her damages "cannot be made certain by computation of the clerk" and requests an appropriate damages hearing.  The Court agrees that a hearing is warranted.  For the reasons expressed above, Plaintiff's Motion for Default Judgment, ECF No. 9, is **GRANTED.**  The matter is referred to Magistrate Judge Hammer for an evidentiary hearing to establish the amount of damages to be awarded in connection with the entry of default judgment.

                    **SO ORDERED**

*/s Madeline Cox Arleo*_____
**MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**